United States District Court
Southern District of Texas

**ENTERED**

September 30, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FARHAD ALIZADEH GHARAMALEKI, *et al.*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-3119 |
| ANTONY J. BLINKEN, *et al.*, | § § § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

In this mandamus action, Plaintiffs/Petitioners Farhad Alizadeh Gharamaleki ("Gharamaleki"), Naghmeh Pashapour ("Pashapour"), and M.G. (collectively "Plaintiffs") request that the Court compel Defendants/Respondents Antony J. Blinken and Rena Bitter ("Defendants") to adjudicate Plaintiffs' immigrant visa applications. (Dkt. 1). Defendants have moved for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendants' motion to dismiss under Rule 12(b)(1) (Dkt. 17) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to Plaintiffs' complaint, Gharamaleki, a professor at the University of Tabriz in Iran, participated in a "peaceful protest" that was part of a wave of demonstrations "against the killing of Mahsa Amini, a young woman who died while in the custody of Iranian police[,]" that evolved into "calls for the highly authoritarian [Iranian] government to be replaced with a new democratic government that respects human rights and democratic values." (Dkt. 1 at pp. 20–21). As a result of his participation in the protest,

Gharamaleki was arrested and his laptop and phone were confiscated. (Dkt. 1 at p. 20). After he was released from custody, he became the target of both a disciplinary action initiated by the University of Tabriz and a criminal prosecution. (Dkt. 1 at pp. 20–21).

Gharamaleki sought to flee to the United States with his wife (Pashapour) and child (M.G.), so he completed DS-260 immigrant visa applications for the three of them. (Dkt. 1 at pp. 18–19). The three were interviewed by a consular officer at the United States Embassy in Yerevan, Armenia. (Dkt. 1 at p. 19). After the interview, the consular officer "informed [Plaintiffs] that their applications would have to undergo mandatory administrative processing" and gave Plaintiffs what they characterize as a "temporary refusal letter" in accordance with 8 U.S.C. § 1201(g). (Dkt. 1 at p. 19). Gharamaleki submitted additional information, and since the filing of Plaintiffs' complaint Gharamaleki's visa application and M.G.'s visa application have been reconsidered and approved. (Dkt. 1 at p. 19; Dkt. 13 at p. 2). However, on August 26, 2024, Pashapour's application was again refused, according to the website of the U.S. State Department's Consular Electronic Application Center:

https://ceac.state.gov/CEACStatTracker/Status.aspx.[1]

The nature of and reasons for the refusal are unclear from the record.

In their complaint, Plaintiffs ask the Court to use its mandamus authority under 28 U.S.C. § 1361 to "compel[] the Defendants and those acting under them to perform their duty to complete all steps necessary to adjudicate Plaintiffs' immigrant visa applications" within 30 days of the Court's order. (Dkt. 1 at pp. 23–26, 32). Plaintiffs also seek identical relief under the Administrative Procedure Act. (Dkt. 1 at pp. 26–32). Defendants have

---

[1] Plaintiffs and Defendants agree that the Court can take judicial notice of this website, and both sides cite to it in their briefing. (Dkt. 1-1; Dkt. 17 at p. 9). The Court accessed the site on September 29, 2024.

moved to dismiss Plaintiffs' complaint under Rule 12(b)(1), contending that "[b]ecause all three Plaintiffs' visa applications have been adjudicated, their claims are moot." (Dkt. 17 at p. 10).

## II.    <u>RULE 12(b)(1)</u>

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998). A dispute is non-justiciable if it is moot. *American Medical Association v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). A request for injunctive or mandamus relief will generally be moot when the event sought to be compelled has occurred. *Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 734 (S.D. Tex. 2009); *see also, e.g., South Plains Switching Ltd. Co. v. Surface*

*Transportation Board*, 271 Fed. App'x 465, 465–66 (5th Cir. 2008) (quoting *Bayou Liberty Association, Inc. v. United States Army Corps of Engineers*, 217 F.3d 393, 396 (5th Cir. 2000)) ("We have consistently found that a request for injunctive relief is moot when the event sought to be enjoined has occurred.").

### III.  <u>ANALYSIS</u>

Plaintiffs accuse Defendants of delaying their performance of their nondiscretionary duty to adjudicate Plaintiffs' visa applications. (Dkt. 1). The statutory source of that duty is 8 U.S.C. § 1202(b), which states that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." An implementing regulation, 22 C.F.R. § 42.81(a), further states that, "[w]hen a visa application has been properly completed and executed before a consular officer . . . the consular officer must issue the visa, refuse the visa under [8 U.S.C. § 1182(a)] or [8 U.S.C. § 1201(g)] or other applicable law or . . . discontinue granting the visa." As previously mentioned, according to the U.S. State Department website, Gharamaleki and M.G. have been issued visas. Pashapour's application was recently refused again, and the nature of and reasons for that refusal are unclear from the record.

Defendants have moved to dismiss Plaintiffs' complaint under Rule 12(b)(1), contending that "[b]ecause all three Plaintiffs' visa applications have been adjudicated, their claims are moot." (Dkt. 17 at p. 10). Plaintiffs do not concede that any of their claims are moot and instead argue that their claims—even the claims brought by Gharamaleki and M.G., whose visa applications have been approved—are justiciable because Defendants'

decisions on their visa applications did not constitute a "final adjudication[.]" (Dkt. 18 at p. 6).[2] The Court agrees with Defendants.

Plaintiffs' contention that their claims are not moot rests on their characterization of Defendants' decisions on their visa applications as "interim decision[s]" that may be reconsidered rather than final adjudications. (Dkt. 18 at pp. 9–13). But "[t]he mere possibility that the Government might reconsider its [decision] doesn't somehow render *non*-final the action that it *has* taken." *Yahya v. Blinken*, No. 4:23-CV-4005, 2024 WL 3497936, at *3 (S.D. Tex. July 22, 2024) (emphasis in *Yahya*); *see also Data Marketing Partnership, LP v. United States Department of Labor*, 45 F.4th 846, 854 (5th Cir. 2022) ("Were it otherwise, no agency action would be final because an agency could always revisit it."). Guided by that well-established general principle, "[s]everal district courts in this Circuit have decided that claims such as the one[s] Plaintiff[s] bring[] in this case are moot based on similar facts." *Bamdad v. United States Department of State*, No. 1:23-CV-

---

[2] Plaintiffs are barred by the doctrine of consular nonreviewability from asking this Court to review final decisions on their visa applications. *See Bamdad v. United States Department of State*, No. 1:23-CV-757, 2024 WL 1462948, at *3 (W.D. Tex. Feb. 9, 2024) ("But here, where a consular decision to deny a visa has occurred as opposed to the government's failure to act on the visa application at all, . . . review is clearly barred by the doctrine of consular nonreviewability[.]") (quotation marks and brackets omitted; ellipsis and bracketed period at end of quote added). In order to obtain any relief from this Court, Plaintiffs must successfully show that Defendants' decisions are nonfinal and that final decisions on Plaintiffs' visa applications have been "unreasonably delayed[.]" *Id.* With great respect and sympathy, even leaving justiciability concerns aside, the Court would have grave concerns about entertaining Plaintiffs' requests. Plaintiffs, according to their pleading, filed their Form DS-260 visa applications on November 3, 2022. (Dkt. 1 at p. 2). "A delay of less than two years by itself, given the limited resources and corresponding demands on our immigration offices, does not establish a plausible case for mandamus or any other relief sought by plaintiffs. And plaintiffs cannot jump the line by simply requesting mandamus or other relief." *Hussein v. Beecroft*, 782 Fed. App'x 437, 444 (6th Cir. 2019).

757, 2024 WL 1462948, at *3 (W.D. Tex. Feb. 9, 2024) (collecting cases); *see also Yahya*, 2024 WL 3497936 at *2–3 (collecting cases) ("[Plaintiffs] cite no case from the Fifth Circuit—or within the Fifth Circuit—that's held that a consular officer's refusal of a visa isn't a final denial."). On this record, the Court agrees with those courts and with Judge Lake's well-reasoned discussion in a similar case:

> Plaintiff argues that the refusal is not an adjudication because refused applications are always placed in additional administrative processing. But the regulations do not require the consular officer to conduct additional screening or to solicit additional information after a refusal. *See* 22 C.F.R. § 42.81(c). Although the consular officer may conduct additional screening, the court concludes that § 42.81(a) requires the consular official to decide, as of the time of decision, whether the applicant has met the eligibility and application requirements, i.e. to adjudicate the application. Defendants may have an internal policy of providing applicants with an opportunity to overcome refusals, but that does not change the meaning of adjudication in § 1202(b).
>
> . . .
>
> 8 U.S.C. § 1202(b) and 22 C.F.R. § 42.81(a) do not impose a duty to further act on a visa application that has been refused and placed in additional screening.
> *Malik v. Schofer*, Southern District of Texas case number 4:23-CV-4819 at docket entry 15, pages 7–8 (S.D. Tex. July 18, 2024) (footnote omitted).

Put another way, "[t]here is presently no outstanding duty the court could compel defendants to perform." *Hong Lin Zhou v. Chertoff*, No. C-08-4523, 2009 WL 2246231, at *2 (N.D. Cal. July 24, 2009). By all indications, the final adjudication that Plaintiffs seek has occurred; and the possibility of reconsideration does not render that adjudication nonfinal. Accordingly, the Court concludes that Defendants' decisions on Plaintiffs' visa applications mooted Plaintiffs' claims for relief.

### IV.   <u>CONCLUSION</u>

Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (Dkt.

17) is **GRANTED**. Any other pending motions are **DENIED AS MOOT**.

Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject

matter jurisdiction. The Court will issue a separate final judgment.

SIGNED at Houston, Texas on September 30, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE